UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING, JR.
FEDERAL BUILDING AND COURTHOUSE
50 WALNUT STREET
NEWARK, NJ 07102
973-645-6042

July 13, 2005

**LETTER-OPINION & ORDER**

Richard A. West, Jr.
Lum, Danzis, Drasco & Positan, LLC
103 Eisenhower Parkway
Roseland, NJ 07068

Richard Polite
200 Deal Lake Drive
Asbury Park, NJ 07712

Professor Bernard K. Freamon
Seton Hall University Law School
One Newark Center
Newark, NJ 07102

Re: **Polite v. State of New Jersey, et al.
Civil No. 99-CV-1796 (JLL)**

Dear Counsel:

This matter is before the Court on defendants' request for a hearing on the issue of administrative exhaustion. The Court has considered the submissions in support of and in opposition to the request. Defendants' request is DENIED.

First, defendants have waived the exhaustion defense. While the Third Circuit has not squarely held that the administrative exhaustion requirements under 42 U.S.C. § 1997e may be waived by a defendant, other circuits have, and the Court adopts the reasoning in these holdings. See, e.g., Johnson v. Testman, 380 F.3d 691, 695 (2d Cir. 2004). This adoption is reinforced by Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002), wherein the Third Circuit held that failure to exhaust under § 1997e is an affirmative defense – affirmative defenses are, as a general matter, waivable. See Fed. R. Civ. P. 8(c); Pace v. DiGuglielmo, 125 S. Ct. 1807, 1819 (2005) (Stevens,

J., dissenting).

      Defendants failed to raise the exhaustion issue, except with respect to the "hellish heat" claim, in their summary judgment motion. To avoid prejudicing plaintiff at such a late stage in this six-year-old litigation, the Court deems this sufficient for a finding that the exhaustion defense was abandoned. Moreover, in the Final Pretrial Order, filed March 9, 2004, defendants failed, in their enumeration of both the factual and the legal issues remaining in this action, to identify administrative exhaustion as an outstanding matter to be adjudicated. (See Hedges, J., Order of 3/9/04.) This fact, standing alone, is sufficient to hold the exhaustion defense waived. See Fed. R. Civ. P. 16(e); Inter Med. Supplies Ltd. v. EBI Med. Sys., Inc., 975 F. Supp. 681, 692 (D.N.J. 1997). Indeed, the FPO provided that "[a]ny dispositive motion ... must be filed and served not later than April 9[, 2004]." (Hedges, J., Order of 3/9/04, at 1.) Consequently, defendants' contention that "[t]here is ... no legal prohibition against a party renewing a summary judgment motion" (Defs.' Br. at 3) belies the express language of the FPO, and in the absence of "manifest injustice," of which defendants have pointed to none, this Court will enforce that Order. See Fed. R. Civ. P. 16(e).

      Second, defendants have still failed to carry their burden under Rule 56. The evidence they submit concerns only grievances that plaintiff did file. While the Court acknowledges that this is irrefutable evidence that plaintiff was aware of the existence of such administrative processes, nowhere on the record, as far as the Court is aware, is there so much as a statement by any prison personnel that plaintiff did in fact fail to file any sort of complaint concerning the remaining issues here. Instead, the Court is now informed that State prison officials employ a record-retention policy that provides for the destruction of all administrative complaints after three years. (West Decl. ¶ 9.) Implicitly, therefore, defendants would have plaintiff shoulder the burden of affirmatively demonstrating that such complaints were filed. The Court will not, especially in light of the procedural circumstances described above, impose such a burden on a prisoner-plaintiff proceeding pro se. See Ray, 285 F.3d at 295 ("Applying [considerations of policy and fairness] to the exhaustion requirement, it appears that it is considerably easier for a prison administrator to show a failure to exhaust than it is for a prisoner to demonstrate exhaustion.").

      For the reasons set forth above, defendants' request for a hearing on the exhaustion issue is DENIED. The Court will conduct a settlement conference at **10:00 a.m.**, on **August 16, 2005**, at which time the Court, if necessary, will place the matter on its calendar for trial.

      SO ORDERED.

                                                /s/ Jose L. Linares
                                                United States District Judge